DLD-375                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2368
_____

TROY JOHN DANIELS JACKSON,
Appellant

v.

COMMONWEALTH OF PENNSYLVANIA;
DEPARTMENT OF CORRECTIONS; SCI CAMP HILL;
LAURAL HARRY; KATHLEEN ZWIERZYNN;
JAMES MIENTEL; TIMOTHY HENRY;
LEVELL JENKINS; PAUL LEGGORE;
SCOTT MOORE; JT MOHN; T. LEWIS;
UNIT MANAGER KLOCK; BELTON;
GREEN; GILBERT; C.O. RIVERA;
C.O. BENNER; JOHN HORNER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-15-cv-00049)
District Judge:  Honorable Robert D. Mariani

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 11, 2016
Before:  CHAGARES, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 1, 2016)

_____

OPINION[*]
_____

PER CURIAM

Troy John Daniels Jackson appeals the District Court's grant of summary judgment. Because we conclude that this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6.

I.

Jackson, a prisoner formerly housed at SCI-Camp Hill and acting pro se,[1] filed this action under 42 U.S.C. § 1983 against fourteen employees of SCI-Camp Hill.[2] Jackson alleged that, while housed at SCI-Camp Hill, they violated his rights against cruel and unusual punishment and provided him with inadequate medical care. Jackson's claims stem from an incident in which he allegedly misused the water in his cell to flood the tier. Following this allegation, Jackson alleged that he was placed on a water restriction after being issued misconducts, denied food and water, and denied help when he passed out in his cell. Jackson further alleged that he was denied "some type of medication" that was purportedly recommended by an outside doctor.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Jackson is currently confined at SCI-Frackville. The relevant events occurred at SCI-Camp Hill.

[2] Claims against the Commonwealth of Pennsylvania, the Department of Corrections, and SCI-Camp Hill were dismissed as legally frivolous early in this action.

The defendants filed a Motion for Summary Judgment, arguing that Jackson had not exhausted his administrative remedies with the prison system before filing the Complaint. The District Court agreed and granted the motion. Jackson now appeals.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of orders granting motions for summary judgment is plenary. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). We will summarily affirm the District Court's order granting summary judgment because Jackson's appeal presents no substantial question. 3d Cir. LAR 27.4 and I.O.P. 10.6.

The District Court properly granted summary judgment to all of the Appellees on the ground that Jackson failed to exhaust his administrative remedies relative to his claims.[3] The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires that, before bringing claims with respect to prison conditions under 42 U.S.C. § 1983 or any other federal law, prisoners must first exhaust the administrative remedies that are available. Put simply, to later sue a prison official, an inmate must first bring a grievance against that official on the subject of the putative lawsuit. See Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004). Moreover, an inmate must substantially comply with all established procedural requirements of the grievance review process in order to fully exhaust an

---

[3] Defendants Green and Gilbert contended that they had never been timely served. They were named in the Complaint but not served for over a year. The District Court dismissed the action against them pursuant to Federal Rule of Civil Procedure 4(m). To the extent this aspect of the District Court's decision is appealed, it will be affirmed.

3

issue. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). In Pennsylvania, those procedural requirements involve a mandatory three-step grievance appeals process. See Booth v. Churner, 206 F.3d 289, 292 n.2 (3d Cir. 2000).

The District Court correctly found that Jackson did not exhaust his administrative remedies. Here, the undisputed record reflects that Jackson filed twelve grievances while at SCI-Camp Hill. As the District Court correctly summarized, the grievances relate to problems with staff, Jackson's inmate account, property, and charges of misconducts. Critically, Jackson did not appeal any of the initial review responses or grievance rejections to the Facility Manager or Secretary's Office of Inmate Grievances and Appeals for final review.[4] Jackson is thus procedurally barred from raising the subjects of those grievances by means of this federal lawsuit. Moreover, Jackson is prohibited from raising new, related issues that were not subjected to the three-step grievance process. Summary judgment was therefore properly granted in favor of the fourteen individual SCI-Camp Hill appellees.

## III.

For these reasons, we conclude that this appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's order granting the defendants summary judgment on Jackson's complaint. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Given our disposition of this appeal, we deny Jackson's Motion for Appointment of Counsel.

---

[4] Jackson failed to oppose the Motion for Summary Judgment on the ground that he did not exhaust administrative remedies.

4